## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

In Re: **HERBERT G. ROGERS, III**     **CHAPTER 11**     **NO: 11-15431 DWH**

**HERBERT G. ROGERS, III**     **PLAINTIFF**

VS.     **ADVERSARY NO:** _____

**MERCHANTS & FARMERS BANK**     **DEFENDANT**
**A/K/A MERCHANTS AND FARMERS BANK**
**SECURITIES CORPORATON**

---

### COMPLAINT TO SET ASIDE TRANSFER TO MERCHANTS & FARMERS BANK PURSUANT TO 11 U.S.C. §§ 547 & 548 AND FOR DAMAGES AND OTHER RELIEF

### JURY TRIAL DEMANDED

---

**COMES NOW** Plaintiff, **HERBERT G. ROGERS, III**, in the above-styled bankruptcy case, by and through undersigned counsel, and files this his Complaint to Set Aside Preferential Transfer to Merchants & Farmers Bank Pursuant to 11 U.S.C. §§ 547 and 548 and Other Relief, respectfully showing unto the Court as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157 since it arises in and is related to the above-styled case.

2. This complaint is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) in that the Plaintiff seeks to set aside a transfer of stock in BNA Bank to Defendant, Merchants & Farmers Bank ("M & F Bank"), which resulted in a preferential transfer to M & F Bank.

3. The Plaintiff is an adult resident citizen of the Northern District of Mississippi and is the debtor-in-possession, who filed a petition for relief under Chapter 11 of the Bankruptcy Code on the 21st day of November, 2011.

4. The Defendant, M & F Bank, is a bank organized under the laws of the state of Mississippi, and process may be served upon its registered agent, Hugh S. Potts, Jr., at 221 E. Washington Street, Kosciusko, Mississippi 39090.

5. On or about August 25, 2011, the Plaintiff was forced to transfer 36,009 shares of stock to M & F Bank for the sum of $43.00 per share, said shares having been pledged as security for a loan issued by M & F Bank to Plaintiff.

6. At the time of the transfer, the stock had a value of approximately Fifty Dollars and No/100 ($50.00) per share in that stock in BNA Bank was normally being transferred for a value of $50.00 per share range when no dividends were expected in the near or immediate future.

7. M & F Bank seized the 36,009 shares in BNA as collateral for the loan. Upon seizing the shares, M & F Bank contacted BNA to investigate the procedures of BNA concerning the transfer of the shares. During the conversation with BNA, an officer for BNA stated the value of the shares to be about Fifty Dollars and No/100 ($50.00) based on recent transfers. Additionally, since a dividend of approximately $2.00 per share was anticipated to be paid within a couple months, that should be taken into consideration when valuing the shares.

8. BNA advised M & F Bank that its shares had a sound value and that such a block of shares would be attractive to prospective investors because BNA does not have a large float of shares. Further, BNA stated that it knew of potential investors that would be interested in purchasing the block of 36,009 shares for fair market value.

9. Nevertheless, even after receiving this information from BNA, M & F Bank took the shares and only credited Plaintiff with $43.00 per share.

10. As stated, at the time of the transfer of the stock to M & F Bank, the Plaintiff expected to receive dividends of approximately $2.00 per share within a couple months of the date of the transfer.

11. The Plaintiff requested that M & F Bank allow the Plaintiff to wait until the dividends were paid which would have covered the interest due on the loan in favor of M & F Bank at the time the dividends were to be paid.

12. Prior to the transfer of the stock to M & F Bank, the Plaintiff owed a debt to M & F Bank and the value of his assets was less than the amount owed by the Plaintiff; and upon the completion of the transfer, the Plaintiff's debts exceeded $5,000,000.00 which exceeded the value of the Plaintiff's assets.

13. On or about December 1, 2011, M & F Bank was paid the sum of $76,618.90 by BNA Bank as the dividend on the shares of BNA Bank, which constituted a distribution of $2.10 per share for which the Plaintiff received no credit.

## COUNT I. – CLAIM TO AVOID PREFERENTIAL TRANSFER

14. The allegations in paragraphs 1 through 13 of this Complaint are re-alleged and incorporated herein by this reference

15. At the time of the transfer of the stock to M & F Bank and the date of the filing of the petition for relief under Chapter 11 of the Bankruptcy Code, M & F Bank was and is a creditor of the Plaintiff.

16. At the time of the transfer of the stock to M & F Bank, the bank was the holder of an antecedent debt owed by the Plaintiff in the approximate amount of $2,150,000.00.

17. At the time of the transfer of the stock to M & F Bank, the Plaintiff was insolvent.

18. The transfer of the stock occurred within the 90 days immediately preceding the filing of the Chapter 11 Petition.

19. As a result of the transfer, M & F Bank will receive more than it would under Chapter 7 liquidation.

20. As a result of the transfer meeting each of the above conditions, the transfer constitutes a preference with the provisions of 11 U.S.C. § 547, and the Plaintiff is entitled to have the transfer set aside and that the Plaintiff be returned the sum of $76,618.90, which is the amount received by M & F Bank in the form of a dividend at the rate of $2.10 per share of the stock received in the preferential transfer; or in the alternative, the Court should direct that the Plaintiff be credited with an additional $255,663.90, along with the dividend amount and reduce the total debt owed to M & F Bank by said amount.

## COUNT II. – CLAIM TO SET ASIDE TRANSFER AS FRAUDULENT TRANSFER

21. The allegations in paragraphs 1 through 20 of this Complaint are re-alleged and incorporated herein by this reference.

22. The transfer of the shares of stock in BNA Bank to M & F Bank was done within two years preceding the filing of the petition for relief under Chapter 11 of the Bankruptcy Code.

23. The transfer was for less than the value of the outstanding shares in BNA Bank, and that said value was confirmed by BNA to an M & F Bank officer.

24. As a result of the transfer for less than value, the transfer of said shares in BNA Bank constitutes a Fraudulent Transfer within the meaning of 11 U.S.C. § 548, and the Plaintiff is entitled to have the transfer set aside. Additionally, the Plaintiff should be returned the $76,618.90 received by M & F Bank in the form of a dividend at the rate of $2.10 per share after the taking of the shares via the Fraudulent Transfer.

## COUNT III. – CLAIM FOR INJUNCTIVE RELIEF
## (REQUEST FOR TRO, PRELIMINARY AND PERMANENT INJUNCTION)

25. The allegations in paragraphs 1 through 24 of this Complaint are re-alleged and incorporated herein by this reference.

26. On information and belief, the Plaintiff submits that M & F Bank still holds the outstanding shares of stock in BNA Bank.

27. Since the transfer can be set aside pursuant to 11 U.S.C. §§ 547 and 548 and M & F Bank still holds the shares, the Plaintiff contends that M & F Bank should be enjoined from selling the stock for less than $50.00 per share.

28. The outstanding shares remain property of the Bankruptcy Estate. Thus, the Plaintiff request that a TRO or preliminary injunction be issued enjoining from the sale of the stock for less than $50.00 per share pending a final hearing on this Adversary Proceeding.

## COUNT IV. – NEGLIGENCE

29. The allegations in paragraphs 1 through 28 of this Complaint are re-alleged and incorporated herein by this reference.

30. The Defendant had a duty to act in a reasonable and prudent manner in its transaction with the Plaintiff.

31. The Defendant breached said duty by acting in a commercially unreasonable manner concerning the transfer of the stock. M & F Bank knew (through communications with BNA Bank) or should have known that the value of the shares was at least Fifty Dollars and No/100 ($50.00) per share when M & F seized and transferred the 36,009 shares.

32. M & F Bank acted in a commercially unreasonably manner in valuing the shares and only crediting Forty-Three Dollars and No/100 ($43.00) per share to the loan amount owed by the Plaintiff.

33. The Defendant's breach of said duty was the actual and proximate cause of damages suffered by the Plaintiff.

## COUNT V. – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

34. The allegations in paragraphs 1 through 33 of this Complaint are re-alleged and incorporated herein by this reference.

35. The Defendant owed Plaintiff a duty to act in good faith and fair dealing in its contractual relationship and transactions with Plaintiff. The Defendant had a relationship of trust with the Plaintiff and also owed a duty to disclose information to Plaintiff.

36. The Defendant did not seek a commercially reasonable price for the shares of stock pledged by Plaintiff as collateral for the loan with M & F Bank. M & F Bank did not advertise the shares for sale, publicly or privately. M & F Bank ignored and disregarded the representations of BNA that its shares were valued at Fifty Dollars and No/100 ($50.00) per share; that a dividend of approximately Two Dollars and No/100 ($2.00) per share was due to be paid; and that investors were in the market for such BNA shares and would pay a fair market value for the shares.

37. Instead, M & F Bank took the shares and transferred them to itself at Forty-Three Dollars and No/100 ($43.00) a share, a price which is at least $7.00 a share cheaper than the fair market value, for M & F Bank's independent gain.

38. M & F Bank's conduct as aforesaid breaches said duties and gives rise to the tort of bad faith for the tortious breach of its duty of good faith and fair dealing with respect to its contractual relationship with Plaintiff

39. The actions and inactions of M & F Bank in breaching its duty of good faith and fair dealing caused damage to the Plaintiff of at least Three Hundred, Thirty-Two Thousand, Two Hundred, Eighty-Two Dollars and 80/100 ($332,282.80).

## COUNT VI. – CONVERSION

40. The allegations in paragraphs 1 through 39 of this Complaint are re-alleged and incorporated herein by this reference.

41. As a result of the transfer of shares described above, M&F Bank converted securities of Plaintiff and deprived Plaintiff of the fair market value of the shares. Further, M&F Bank took the entire dividend paid by BNA on the shares without allowing Plaintiff any credit or additional value to the price of the shares seized and taken by M&F Bank, even though M&F Bank was advised of the fair market value of the shares and pending dividend distribution.

42. M&F Bank converted Plaintiff's assets and exercised dominion and control over the shares of stock. M&F Bank's actions exhibited intent as well as a willful, wanton and reckless disregard for the rights of Plaintiff.

43. As a result, Plaintiff suffered damages because of M&F Bank's conduct.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that upon a hearing hereon, this Court will enter its Order granting the following relief:

a. Empanel a jury to consider the appropriate causes of action.
b. Set aside the transfer of the shares in BNA Bank, which were transferred to M&F Bank on or about August 25, 2011.
c. Grant a Temporary Restraining Order and/or preliminary injunction enjoining M & F Bank from the sale of said stock unless the a sale is for the sum of $50.00.
d. Order M & F Bank to refund to the Plaintiff the sum of $76,618.90 which constituted the dividends paid to said bank in the form of dividends from BNA Bank.

e. Grant a permanent injunction as to any sale of stock for a value less than the value of said stock until such time as a full hearing on the Adversary Complaint can be held.

f. Alternatively, allow the transfer of the stock to M & F Bank to remain with said bank, but require that M & F Bank give the Plaintiff credit of the sum of $332,282.80 for said stock and dividend distribution on the outstanding loans owed by the Plaintiff to M & F Bank as compensatory damages.

g. Award *Veasley* damages allowable pursuant to *Universal Life Ins. Co. v. Veasley*, 610 So.2d 290 (Miss. 1992)

h. Attorney fees and costs.

i. Punitive damages for the intentional, willful, wanton and reckless conduct of the Defendant.

j. Grant such other, further and reasonable relief to which the Plaintiff would be entitled.

Respectfully submitted,
**HERBERT G. ROGERS, III, Plaintiff**

By: **/s/ Justin Strauss Cluck**
**KENT E. SMITH, MSB #9031**
**JUSTIN S. CLUCK, MSB #100733**
**SMITH WHALEY PLLC**
**ATTORNEYS AT LAW**
**P.O. Drawer 849**
**Holly Springs, MS 38635**
**(662) 252-3003 Telephone**
**(662) 252-3006 Facsimile**