**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

IN RE:        HERBERT G. ROGERS, III            CHAPTER 7 BANKRUPTCY
                                                CASE NO. 11-15431

**MEMORANDUM BRIEF IN SUPPORT OF TRUSTEE'S
MOTION FOR AUTHORIZATION TO SELL PERSONAL PROPERTY
OF THE ESTATE BY PRIVATE SALE FREE AND CLEAR OF LIENS**

Selene D. Maddox, Trustee for the Chapter 7 Bankruptcy Estate of Herbert G. Rogers, III, by and through Selene D. Maddox, as Attorney for Trustee, files her memorandum brief in support of her Motion for Authorization to Sell Personal Property of the Estate by Private Sale Free and Clear of Liens and, in support thereof, states the following:

**I.    FACTS:**

1. Debtor filed a Chapter 11 bankruptcy on November 21, 2011, (Doc. #1) and the case was converted to a case under Chapter 7 on April 8, 2013, (Doc. #155). Selene D. Maddox was subsequently appointed interim Chapter 7 Trustee on April 12, 1013 (Doc. #157).

2. Debtor, Herbert G. Rogers, III, owns 50% of the outstanding stock shares of Alliance Collection Service, Inc., (hereinafter also referred to as "ACS"), and Jeffrey L. Chambers owns 50% of the outstanding stock shares of Alliance Collection Service, Inc.

3. Article X of the By-Laws of Alliance Collection Service, Inc., provides, in part, "No shareholder may sell or encumber his stock without first offering it for sale or encumbrance to the corporation on the same bona fide terms as the shareholder may be offered; and upon refusal by the corporation, then to each of the shareholders on the same terms and in their proportionate share of stock owned, and upon any refusal, to the other shareholders". (A copy of the By-Laws

of Alliance Collection Service, Inc., is attached hereto as Exhibit "A".)

4. On March 20, 2008, a Buy/Sell Agreement was entered into by and between Herbert G. Rogers, III, Debtor, and Jeffrey L. Chambers, the only two shareholders of the issued and outstanding stock of Alliance Collection Service, Inc. (A copy of the Buy/Sell Agreement is attached hereto as Exhibit "B".)

5. There are no liens against the shares of stock in question.

6. Jeffrey Chambers made a written offer to purchase the stock registered to Debtor for the sum of $300,000.00, (a copy of the written offer is attached hereto as Exhibit "C") and subsequent to receipt of the offer, Trustee filed a Motion for Authorization to Sell Personal Property of the Estate by Private Sale Free and Clear of Liens (Doc. #208) and Debtor filed a response objecting to the motion to sell (Doc. #211).

**General Position of the Parties:**

**Trustee's position**: The stock in Alliance Collection Service, Inc., is property of the bankruptcy estate of Debtor and Trustee has a right to liquidate the stock for the benefit of the estate and creditors.

**Debtor's position**: The stock in Alliance Collection Service, Inc., never transferred to the estate and never became property of the estate because of the "restriction on transfer" contained in the By-Laws of Alliance Collection Service, Inc.

II.    **ISSUES:**

Is the stock of Alliance Collection Service, Inc., owned by Debtor, Herbert G. Rogers, III, an asset of the Chapter 7 bankruptcy estate or does the provision in the By-Laws restrict transfer

and does the "restriction of transfer" preclude the transfer of the shares of stock to the bankruptcy estate? Ultimately, does the Chapter 7 Trustee have the authority to sell the stock for the benefit of the bankruptcy estate?

### III.    ARGUMENTS:

**1. Is there a restriction on transfer of the stock of Alliance Collection Service, Inc., and is it reasonable?**

The restriction on transfer in this case is simply a right of first refusal restriction and is a common provision in By-Laws and other controlling documents of many corporate entities. Under Article X of the By-Laws of Alliance Collection Service, Inc., there is a restriction on transfer of corporate stock; however the restriction does not and did not prevent the stock from transferring to the Trustee and becoming an asset of the bankruptcy estate.

In Mississippi, certain restrictions on the transfer in stock shares in a corporation are provided for and authorized by state statute, being,

> Miss. Code Ann. Section 79-4-6.27 which provides, in part, as follows:
>
> (a)   The articles of incorporation, bylaws, an agreement among shareholders or an agreement between shareholders and the corporation may impose restrictions on the transfer or registration of transfer of shares of the corporation. A restriction does not affect shares issued before the restriction was adopted unless the holders of the shares are parties to the restriction agreement or voted in favor of the restriction.
> (b)   A restriction . . . of the restriction.
> (c)   A restriction on the transfer or registration of transfer of shares is authorized:
>    (1)   To maintain the corporation's status when it is dependent on the number or identity of its shareholders;
>    (2)   To preserve exemptions under federal or state

                    securities law;
- (3) For any other reasonable purpose.
- (d) A restriction on the transfer or registration of transfer of shares may:
  - (1) Obligate the shareholder first to offer the corporation or other persons (separately, consecutively or simultaneously) an opportunity to acquire the restricted shares;
  - (2) Obligate the corporation or other persons (separately, consecutively or simultaneously) to acquire the restricted shares;
  - (3) Require the corporation, the holders of any class of its shares or another person to approve the transfer of the restricted shares, if the requirement is not manifestly unreasonable;
  - (4) Prohibit the transfer of the restricted shares to designated persons or classes of persons, if the prohibition is not manifestly unreasonable.

The restrictions in the By-Laws of ACS is a simple right of first refusal. This restriction of transfer is reasonable under Miss. Code Ann. Section 79-4-6.27 and under the Mississippi case of *Fayard v. Fayard*, 293 So.2d 421 (Miss. 1974). The Court in *Fayard* held several types of restraints on stock transfers are reasonable and among these are "first option provisions". *Fayard*, 293 So.2d at 423. However, the "restriction on transfer" does not determine whether the stock is an asset of the bankruptcy estate nor does it preclude the stock from becoming an asset of the bankruptcy estate. That issue will be discussed more in depth in Section III. 2. below.

**2. Is Debtor's stock interest in Alliance Collection Service, Inc., an asset of Debtor's bankruptcy estate and does a "restriction on transfer" of stock prevent the stock from being an asset of Debtor's bankruptcy estate?**

**I.) Property of the Bankruptcy Estate:**

Whether a property interest of a debtor is "property of the estate" is a federal question to

be decided as a matter of federal law. *In re of Yonikus,* 996 F.2d 866, 869 (7th Cir. 1993). 11 U.S.C. Section 541 determines what property of the Debtor becomes property of the bankruptcy estate and the existence and nature of the Debtor's interest in property are determined by non bankruptcy law. *In re Farmers Markets, Inc.,* 792 F.2d 1400, 1402 (9th Cir. 1986); *In re FCX, Inc.,* 853 F.2d 1149, 1153 (4th Cir. 1988). While 541(a) provides whether an interest of the debtor is property of the estate, state law determines whether and to what extent the debtor has any legal or equitable interest in property as of the commencement of the case. *In re Yonikus,* 996 F.2d at 869; also see *Butner v. United States,* 440 U.S. 48, 55 (1979). (Property interests are created and defined by state law.)

The Mississippi Business Corporation Act under Miss. Code Ann. Sections 79-4-1.01 through Section 79-4-17.05 governs the formation, operation and termination of corporations in Mississippi. Under Mississippi case law, "Corporate shares of stock are universally considered personal property and in the absence of valid restrictions the owner has an inherent right incident to ownership to sell and transfer at his will." *Fayard,* 293 So.2d at 423, citing 12 Fletcher Cyclopedia, Corporation (Perm.Ed.), section 5452 (1971). Under Mississippi state law, the stock of ACS was personal property owned by the Debtor prior to and at the time of his bankruptcy filing. Debtor listed the ACS stock ownership on Schedule B (Doc. 37, page 6) of his petition and schedules and claimed a partial exemption of the stated value of the ACS stock on Schedule C (Doc. 37, page 8). The claimed exemption was challenged by the Chapter 7 Trustee and an Agreed Order was subsequently entered disallowing the claimed exemption (Doc. #199). Debtor, by his own schedules prepared and signed to be true and correct under oath, admitted to his personal ownership of the stock in ACS at the time of the filing of the bankruptcy case and listed the stock as property of the estate. Further, Debtor previously acknowledged his ownership

of the stock when he entered into the Buy/Sell Agreement on March 20, 2008. Clearly, Debtor was the owner of the stock of Alliance Collection Service, Inc., at the time of the filing of his case under bankruptcy. This leads to the next important issue of whether the stock became an asset of Debtor's bankruptcy estate upon his filing of his petition in bankruptcy.

The general principle is the bankruptcy estate is created upon the commencement of a bankruptcy case. 11 U.S.C. Section 541(a). Under 11 U.S.C. Section 541(a)(1), the estate is comprised of "all legal or equitable interests of debtor in property as of the commencement of the case", wherever located, "Except as provided in subsections (b) and (c)(2) of this section". The estate would be conveyed and would take the same rights debtor had in his assets as of the filing of the case, including, but not limited to the shares of stock in ACS. The scope of the estate is extremely broad, capturing all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. Section 541(a)(1); see also, *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 204 (1983), *In re Young*, 806 F.2d 1303, 1305 (5th Cir. 1987), *In re Orso*, 283 F.3d 686, 691 (5th Cir. 2002). "Every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within reach of section 541." *In re Yonikus,* 996 F.2d at 869. The ACS stock does not qualify for exclusion from the estate under the provisions of 11 U.S.C. Sections 541(b) or 541(c)(2). Therefore, under 11 U.S.C. Section 541(a), the ACS stock is property of and an asset of the bankruptcy estate.

Once the estate is created, no interests in property of the estate remain in the debtor. All property of the Debtor becomes property of the estate, but the debtor is permitted to exempt certain property from property of the estate under 11 U.S.C. Section 522 or under state law as provided under the "opt out" provision under 11 U.S.C. Section 522(b). *In re McManus*, 681 F.2d 353, 354 (5th Cir. 1982). [Note *McManus* was overruled by *In re Maddox*, 15 F.3d 1347 (5th

Cir. 1994) following *Owen v. Owen,* 500 U.S. 305 (1991) on the issue of lien avoidance, but not regarding property of the estate and claiming of exemptions]

### ii.) Effect of "Restriction on Transfer" on Property of the Bankruptcy Estate:

Trustee asserts the ACS stock is property of and an asset of the bankruptcy estate even with the restriction on transfer in the By-Laws.

11 U.S.C. Section 541(c)(1)(A) provides:

> (c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law-
> (A) that restricts or conditions transfer of such interest by the debtor; or . . .

541© was promulgated to "invalidate restrictions on the transfer of property of the debtor, in order that all the interests of the debtor in property will become property of the estate". *In re Warner*, 480 B.R. 641, 655 (Bkrtcy.N.D.W.Va. 2012) citing H.R.Rep. No. 595, 95th Cong. 1st Sess. 368-69 (1977). Section 541(c)(1)(A) renders ineffective contractual or statutory provisions that purport to restrict or condition the transfer of a debtor's interest to the estate. *In re Warner*, 480 B.R. at 655, citing *In re Farmers Markets, Inc.,* 792 F.2d 1400, 1402 (9th Cir. 1986) (Section 541(c)(1)(A) . . . avoids only those restrictions which prevent transfer of Debtor's property to the estate.") Therefore, even though there is a restriction on transfer in the By-Laws, recognized as reasonable under state law, the interest of debtor in the ACS stock became property of the bankruptcy estate pursuant to 11 U.S.C. Section 541(a)(1) and Section 541(c)(1)(A) immediately upon the filing of the bankruptcy case by Debtor. When Debtor filed his bankruptcy petition, a bankruptcy estate was created to "hold all legal or equitable interests of the debtor [Herbert G. Rogers, III] in property as of the commencement of the case." 11 U.S.C. Section 541(a)(1). The

ACS stock was property of the Debtor under state law and the ACS stock became property of and an asset of the bankruptcy estate immediately upon the filing or commencement of the bankruptcy case by Debtor under 11 U.S.C. Section 541.

Debtor relies on *In re O'Connor*, 258 F.3d 392 (5th Cir. 2001) to support his position the ACS stock did not transfer to the Trustee at any time during the case; that the ACS stock never became an asset of the bankruptcy estate of Debtor; and, the Trustee does not have the authority to sell the stock. Basically, Debtor relies on *O'Connor* to assert the stock is not property of Debtor's bankruptcy estate. Debtor's reading and reliance on *O'Connor* is flawed, as *O'Connor* addressed a Debtor's interest in a partnership and whether the Trustee could proceed as a partner under the Debtor's partnership agreement. The Trustee, in *O'Connor*, made no claim for the value of Debtor's interest in the partnership for the benefit of the Debtor's estate. The Court in *O'Connor* labored to make it clear, its holding should not be interpreted to "create a new category of exempt property or deprive the Chapter 11 estate of valuable property rights." Unlike *O'Connor*, the Trustee in the case at bar is making a claim for the value of Debtor's interest in the stock of ACS for the benefit of Debtor's estate.

## IV.   CONCLUSION:

It would be an unconscionable result if Debtor were allowed to retain 100% of his interest in the stock of ACS. It is ridiculous to believe a Debtor would be able to protect his stock interest from his creditors by forming a corporate entity and adopting By-Laws containing a restriction on transfer. It is unjustifiable to believe any stock interest of a Debtor in bankruptcy, restricted by a "right of first refusal" or restriction on transfer of any type, does not become an asset of a bankruptcy case.

Clearly the ACS stock is property of the bankruptcy estate and became property of the estate as of the filing of the bankruptcy case by Debtor and remains property of the estate. There is a provision restricting transfer (being the right of first refusal provisions) of the stock of ACS under the By-Laws of ACS that is reasonable and specifically provided for by Miss. Code Ann. Section 79-4-6.27. Section 541(c)(1)(A) specifically provides the stock of ACS, although there is a restriction of transfer (being the right of first refusal provisions under paragraph X), is an asset of the bankruptcy estate and became an asset of the estate under Section 541(a)(1) upon commencement of the case under bankruptcy. The stock shares of ACS are an asset of the bankruptcy estate and have significant value to the bankruptcy estate. Therefore, Trustee can exercise her duty to creditors of the estate in selling and liquidating the stock for the benefit of the estate. It is important to note, as well, Trustee is simply asking for an order approving the sale of the stock (50% of the issued and outstanding stock of ACS) to the other 50% record shareholder of ACS stock as contemplated by the By-Laws and the contractual agreement (Buy/Sell Agreement) entered into by and between the two shareholders well before the bankruptcy case was filed.

Respectfully submitted, this the 16th day of June, 2014.

Respectfully Submitted,

/s/ Selene D. Maddox
_____
SELENE D. MADDOX, MSB #1815
Attorney for SELENE D. MADDOX,
CHAPTER 7 CASE TRUSTEE
P.O. Box 1432
Columbus, MS 39703-1432
(662) 327-0100

362 N. Broadway St.
Tupelo, MS 38804
(662) 841-0061

Certificate of Service

    I, Selene D. Maddox, do hereby certify I have this day caused the foregoing response to be electronically served on the following parties being registered with CM/ECF:

| | |
|---|---|
| Robert Gambrell | rg@ms-bankruptcy.com |
| Office of U.S. Trustee | USTPRegion05.AB.ECF@usdoj.gov |

This the  16th  day of June, 2014.

                                                         /s/ Selene D. Maddox
                                                         Selene D. Maddox, Attorney for Chapter 7 Case Trustee