# SMITH WHALEY, P.L.L.C.
## CONTRACT FOR LEGAL SERVICES

THIS AGREEMENT, made and entered into by and between **SMITH WHALEY, P.L.L.C.** (hereinafter referred to as "Attorney") and **HERBERT ROGERS** (hereinafter referred to as "Client") is hereby executed on the date set forth herein below, for the purpose of providing Client legal representation;

WHEREAS, Client, wishes to employ Smith Whaley, PLLC, to represent him in an adversary proceeding in the United States Bankruptcy Court for the Northern District of Mississippi, to institute an adversarial action against Merchant & Farmers Bank related to his pending bankruptcy proceeding;

WHEREAS, the outcome of negotiations and litigation is subject to factors which cannot always be foreseen; therefore, it is understood that Attorney has made no promises or guarantees to Client concerning the outcome of this representation and cannot do so. Nothing herein shall be construed as such a promise or guarantee; and,

WHEREAS, Client and Attorney have reached an agreement as to the terms of representation and payment as follows:

1. Client agrees to compensate Attorney as follows:

    A. An hourly rate of $200.00 per hour for Attorney with time to be computed in .1 hour (with six minutes to equal .1 hour), and with a minimum charge of .1 hour for each handling of Client's file, such as telephone conferences/calls, correspondence in the form of e-mails, text messages, or letters, memos, etc. It is the practice of Attorney's firm to compute not less than one-tenth (1/10) of an hour for each telephone call, no matter how short its duration. Additional time may be billed related to actual time expended in such conversation whether the telephone calls are from or to Client or others concerning Client's matter.

    B. The hourly rate shall include time spent for conferences, telephone calls, messaging, pre-trial and discovery of data, trial preparation drafting documents, negotiations, evaluation of all the legal issues affecting Client's case, correspondence written and received, inter-office conferences regarding Client's case, court time, and travel to and from the locations away from our office.

    C. An hourly rate of $75.00 per hour for the services of a paralegal/legal assistant, to be computed and itemized in the same manner as set forth in paragraph B above.

    D. Reimbursement for all expenses directly related to the handling of this file, including but not limited to, filing fees, photocopy charges ($.35/page), facsimile transmission charges ($1.00/page), travel expenses (IRS mileage rate), long distance charges, court reporter fees, subpoena costs, service of process fees, and all other out-of-pocket expenses.

2. Client agrees that any outstanding balance indicated by the statement shall be paid within fifteen (15) days of receipt of said bill, unless other arrangements are made in writing with the Attorney handling the case. If the balance is not paid in full within fifteen (15) days, it is understood that interest will accrue at the rate of 1.5% per month (18% per annum) on all past due balances. It is further understood that Attorney may withdraw from representation, after

giving reasonable notice, unless the account is kept current. It is further understood and agreed that if the account is not kept current and collection efforts are necessary, Client shall be responsible for these additional costs and fees.

3. Attorney and Client agree that the accuracy of any fee statement or statement of account shall be deemed accepted by Client unless specifically objected to, in writing, within ten (10) days of the date of such fee statement or statement of account.

4. Client and Attorney each represent that neither is aware of any potential conflict of interest which would arise from Attorney's representation of Client. However, if Client agrees that if, during the course of representation, such a conflict of interest arises, Attorney may withdraw from representation of Client. In the event that the Attorney chooses to withdraw, any unearned portion of the retainer will be refunded to Client. Attorney shall have the right to withdraw from the case if Client does not make payments without fifteen (15) days as required by this Agreement, if Client has misrepresented or failed to disclose material facts to Attorney, if Client fails to follow Attorney's advice or if any fact or circumstance arises or is discovered that would, in Attorney's view, render continuing representation unlawful or unethical. In any of these events, you hereby agree to execute such necessary documents as will permit Attorney to withdraw. Representation and employment may be terminated by Client at any time upon written notice to Attorney, at which time any unpaid fee or charge as determined pursuant to this Agreement shall become immediately due and payable by Client.

5. It is understood that Attorney is **NOT**, in any form or fashion, employed as an investigator, a tax or financial advisor, or private detective. If the services of such a person are required, it is Client's responsibility to acquire same at Client's cost. Client acknowledges that the firm employed herein does not provide these services, and that Client has been advised of this fact during the initial consultation.

6. It is understood that all time incurred on the file and expenses incurred on the file may be itemized by Attorney, and that statements may be sent to the Client periodically or upon request.

**WHEREAS**, this is a legally binding contract and shall be enforceable under the laws of the State of Mississippi, and the parties, by signing this agreement for employment acknowledge that each has **read, approved** and **accepted** all terms herein, we hereby execute this agreement, this the 21ˢᵗ day of September, 2011.

_____
HERBERT ROGERS

_____
SMITH WHALEY, P.L.L.C.